Filed 5/22/24  P. v. Molina CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL IVAN MOLINA,<br><br>    Defendant and Appellant. | B326848<br><br>(Los Angeles County<br>Super. Ct. No. BA271207-03) |

APPEAL from an order of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge.  Affirmed.

Heather J. Manolakas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying defendant's petition for resentencing brought under Penal Code[1] section 1172.6. We affirm.

## BACKGROUND

On January 26, 2005, the People filed an Information charging defendant Michael Ivan Molina and co-defendants Bryan Bastidas and Theodore Johnson with one count of murder in violation of section 187, subdivision (a), and three counts of attempted willful, deliberate, and premeditated murder in violation of sections 664 and 187, subdivision (a). It was also alleged that a principal personally and intentionally discharged a firearm which proximately caused great bodily injury or death pursuant to section 12022.53, subdivisions (d) and (e)(1). Other firearm and gang enhancements were also alleged as to all counts.

Molina was tried alone and the jury found him guilty on all counts. The jury also found true that Molina personally and intentionally discharged a firearm, a handgun, which caused the death of the victim, and that he personally and intentionally discharged a firearm, a handgun, in connection with the three counts of attempted murder. On July 8, 2008, the trial court sentenced Molina to an aggregate term of 50 years to life in prison plus 75 years to life in prison.

On or about March 9, 2022, Molina filed a petition for resentencing pursuant to section 1172.6. He also requested and was granted appointment of counsel. The People filed written opposition to which Molina filed a response. On November 17,

---

[1] Further statutory references are to the Penal Code.

2

2022, the trial court denied the petition, determining that Molina was not entitled to relief as a matter of law. Molina timely appealed.

For context only, we include the facts of the case: the victim was shot and killed while walking on a street in Los Angeles with three other individuals. The shooter was in a vehicle at the time.

In denying the petition, the trial court stated, "The court has reviewed the record of conviction, specifically the jury instructions and the verdict forms. I am not sitting as an independent fact finder at this time. [¶] Based upon the record of conviction specifically, the jury instructions where the jury was not instructed on felony murder or natural and probable consequences, and also based upon the verdict forms that the petitioner – that the jury found the petitioner had been the actual shooter, based upon the findings of the firearm enhancement, the court finds as a matter of law that the defendant is guilty of murder and multiple counts of attempt murder, and he is not entitled to relief requested under Penal Code section 1172.6. And, therefore, the petition is denied." Molina timely appealed.

On June 12, 2023, we appointed counsel to represent Molina on appeal. On March 11, 2024, counsel filed a no-issue brief pursuant to *People v. Delgadillo*. Counsel advised us they had told appellant he may file his own supplemental brief within 30 days. Counsel sent Molina transcripts of the record on appeal as well as a copy of the brief.

On March 14, 2024, this court sent Molina notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We

3

also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On April 16, 2024, we received Molina's supplemental brief, in which he contends: 1) a jury note proves that at least some jurors believed he was not the shooter; 2) the trial court did not give a lesser-included instruction on the murder charge; 3)  the prosecutor admitted in closing argument that there was a possibility that he was not the shooter, supporting the proposition that "there was alot of doubt"; 4) there were "many things" pointing out that he was not the shooter.

Molina asks to be resentenced under current law.  He also asks us to undertake an independent review of the record.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for liability for murder (and later, attempted murder).  It also limited the scope of the felony murder rule.  (*People v. Lewis* (2021) 11 Cal.5th 952, 957) (*Lewis*).)  Petitions for resentencing carry out the intent of Senate Bill No. 1437, which was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis*, at p. 967.)  Petitions under section 1172.6 address convictions where a defendant was not the shooter but was held vicariously liable on one of several theories of liability identified in the statute.  If the record establishes ineligibility for resentencing as a matter of law, the petition has been properly denied. (*Lewis*, at pp. 970–972.)  However, the petition and record must establish conclusively that the defendant is ineligible

4

for relief. (*People v. Lopez* (2022) 78 Cal.App.5th 1,14 [a "petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that . . . the petitioner was the actual killer."].) (*Ibid.*) When a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo. (*Ibid.*)

After appointment of counsel, the trial court assesses when a prima facie case for relief has been made. The prima facie inquiry is limited. (*Lewis, supra*, 11 Cal.5th at p. 971.) In assessing whether a defendant has made a prima facie case for relief pursuant to section 1172.6, ruling on a resentencing petition, the trial court is entitled to review the record of conviction, which includes the jury summations, jury instructions, verdict forms, and prior appellate opinions. (*Lewis*, at p. 971–972.) However, *Lewis* cautions that although appellate opinions are generally considered to be part of the record of conviction, the prima facie bar was intentionally set very low, the probative value of an appellate opinion is case-specific; a trial court should not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

Here it is apparent from the jury's verdict that Molina was convicted as the actual shooter. All of Molina's contentions challenge misconduct or error which allegedly occurred at his trial. An appeal from a post-judgment petition for resentencing under section 1172.6 is not a vehicle to raise unrelated claims of error allegedly committed by the trial court; it is not another opportunity to challenge the original judgment on other grounds. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [the mere filing of a section 1172.6 petition does not afford the petitioner a new

opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings]; *People v. Cody* (2023) 92 Cal.App.5th 87, 104 [the Legislature plainly did not intend for resentencing hearings to become new court trials].)

Thus, section 1172.6 does not afford a retrial on every element of a conviction for murder. Rather, Molina must allege facts which, if true, would demonstrate that he could not presently be convicted of murder "because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Molina's contentions alleging trial court error do not satisfy this requirement and are properly rejected.

We decline Molina's request that we independently review the record. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.                          VIRAMONTES, J.

6